949 So.2d 764 (2006)
Robert Lee PERRY, Appellant
v.
STATE of Mississippi, Appellee.
No. 2005-KA-00541-COA.
Court of Appeals of Mississippi.
May 30, 2006.
Rehearing Denied November 14, 2006.
*765 David L. Walker, attorney for appellant.
Office of the Attorney General, by Scott Stuart, attorney for appellee.
Before LEE, P.J., IRVING and ISHEE, JJ.
ISHEE, J., for the Court.
¶ 1. Robert Lee Perry was convicted of sale of a controlled substance, cocaine, in the Circuit Court of Panola County and sentenced to serve twelve years in the custody of the Mississippi Department of Corrections ("MDOC"). Aggrieved by his conviction and sentence, Perry appeals. Finding no error, we affirm.

FACTS
¶ 2. After selling crack cocaine to a confidential informant on April 28, 2004, Perry was arrested and charged with possession of a controlled substance. During the jury selection process, Perry exercised all of his peremptory strikes on white males. The *766 assistant district attorney objected, asserting that Perry was intentionally discriminating on the basis of race and gender. When asked to state his race/gender neutral reasons for exercising the peremptory strikes on these jurors, Perry presented the following: (1) juror McGregor was a security guard, thus pro-law enforcement, had been a crime victim, had a family member that had been a victim of narcotics, and had given a statement to law enforcement; (2) juror Chapman knew all of the narcotics agents involved in the case, had been a crime victim, and was a park ranger and emergency medical technician; (3) juror Davis was a crime victim; (4) juror Waller had been on a jury before and found the defendant guilty, had been a crime victim, and watches Law and Order; (5) juror Phillips was a military veteran and maintenance supervisor; and (6) juror Keeton was a military veteran, in addition to the fact that Perry "was reluctant to accept any prospective juror that the assistant district attorney liked."
¶ 3. The trial court found all of the asserted reasons to be non-discriminatory except for those pertaining to jurors Davis, Phillips, and Keeton. The trial judge reasoned that the fact that juror Davis had been a crime victim did not alone constitute a sufficient reason to strike him, especially considering that another prospective female juror had been a crime victim, but was not struck. Because the trial judge determined that the proffered race/gender neutral reason given was insufficient, he reinstated juror Davis to the petit jury. As to juror Phillips, the trial judge stated that it was impermissible to bar a former veteran from serving on a juror simply because of his veteran status; thus, juror Phillips was reinstated to the petit jury. The trial judge used the same rationale in reinstating juror Keeton to the petit jury. Perry then objected and asked that the court make a record of the composition of the petit jury, which it did.[1]
¶ 4. After his trial, Perry was convicted of possession of a controlled substance, cocaine, and sentenced to twelve years in the custody of the MDOC, with ten to serve and two suspended pending Perry's future good behavior. Perry further raised the issue of the trial court's reinstatement of the aforesaid jurors to the jury in his motion for a new trial, or in the alternative, for a judgment notwithstanding the verdict. Such motions were denied, and Perry appeals, asserting that the trial court erred by reinstating the jurors.

STANDARD OF REVIEW
¶ 5. This Court will only reverse a trial judge's factual findings if such findings were "clearly erroneous or against the overwhelming weight of the evidence." Tyler v. State, 911 So.2d 550, 553(¶ 10) (Miss.Ct.App.2005) (citing Tanner v. State, 764 So.2d 385, 393(¶ 14) (Miss.2000)). This Court will accord a trial judge's Batson determinations great deference, as such determinations are based largely on credibility. Tyler, 911 So.2d at 553(¶ 10) (citation omitted). "Great deference" has been defined in the Batson context as "insulation from appellate reversal of any trial findings which are not clearly erroneous." Id. (citing Lockett v. State, 517 So.2d 1346, 1349-50 (Miss.1987)).

ISSUES AND ANALYSIS
¶ 6. In Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 *767 (1986), the United States Supreme Court held that parties could not exercise peremptory strikes based solely on a potential juror's race. Batson, 476 U.S. at 89, 106 S.Ct. 1712; see Forrest v. State, 876 So.2d 400, 403(¶ 4) (Miss.Ct.App.2003) ("The Batson decision provides procedural directives for the trial court to follow in detecting and disallowing the practice of using peremptory challenges to remove members of an identified racial group from jury service based upon nothing more than their racial identification"). The Batson analysis has three prongs. Lynch v. State, 877 So.2d 1254, 1270-71(¶ 48) (Miss.2004). First, the party objecting to the opposing party's exercise of a peremptory strike "must make a prima facie showing that race [or gender] was the criteria for the exercise of a peremptory strike." Id. (quoting McFarland v. State, 707 So.2d 166, 171(¶ 14) (Miss.1997); see also Randall v. State, 716 So.2d 584, 588(¶ 16) (Miss.1998) (discussing application of Batson to gender discrimination)). To establish a prima facie case of discrimination, the party must demonstrate: (1) that he or she is a member of a cognizable racial [or gender] group; (2) that the opposing party has exercised peremptory challenges against members of a particular race; and (3) that the facts and circumstances raise an inference that the party exercising the peremptory strikes does so for the purpose of striking a particular race [or gender]. See Snow v. State, 800 So.2d 472, 478(¶ 10) (Miss 2001). "However, where the trial court does not explicitly rule on whether the defendant established a prima facie case under Batson but nevertheless requires the [opposing party] to provide [gender/]race-neutral reasons for its challenges and the [opposing party] provides reasons for its challenges, the issue of whether the [challenging party] established a prima facie case is moot." Lynch, 877 So.2d at 1271(¶ 48) (citing Snow, 800 So.2d at 478-79(¶ 11)).
¶ 7. Once a prima facie case is established, burden shifts to the party exercising the challenge to provide a [gender/]race-neutral reason for doing so. McFarland, 707 So.2d at 171(¶ 14). "`[A]ny reason which is not facially violative of equal protection will suffice.'" Lynch, 877 So.2d at 1271(¶ 49) (citations omitted). Such explanation does not have to be persuasive, or even plausible. Id. (quoting Randall, 716 So.2d at 588(¶ 16)). Unless discriminatory intent is inherent in the proffered race/gender-neutral explanation, the reason offered will be deemed a gender/race-neutral explanation. Id. In the absence of rebuttal by the challenging party, the trial judge is limited to the reasons proffered by the party exercising the peremptory strike. Lynch, 877 So.2d at 1271(¶ 49) (citations omitted). Failure by the challenging party to offer rebuttal to the proffered reasons constitutes waiver. Id. (citing Manning v. State, 735 So.2d 323, 339(¶ 30) (Miss.1999); Mack v. State, 650 So.2d 1289, 1297 (Miss.1994)). In reviewing the trial judge's decision on the gender/race-neutral reasons offered by the party exercising the peremptory strike, this Court will give the decision great deference. Lynch, 877 So.2d at 1271(¶ 50) (citing Walker v. State, 815 So.2d 1209, 1215(¶ 12) (Miss.2002)). We give such deference to the trial court's findings because the trial judge is in the best position to evaluate the demeanor and credibility of the attorney offering the gender/race-neutral explanation. Id. Our supreme court has set out a non-exhaustive list of valid race-neutral reasons for the exercise of peremptory challenges, which includes "living in a `high crime' area, body language, demeanor, [distrust of a juror by the party exercising the strike], inconsistency between oral responses and juror's *768 card, criminal history of juror or relative, social work and other types of employment, and religious beliefs." Walker, 815 So.2d at 1215(¶ 12) (citing Lockett v. State, 517 So.2d 1346, 1356-57 (Miss.1987)).
¶ 8. The third prong of Batson requires the trial court to "determine whether the objecting party has met its burden to prove that there has been purposeful discrimination in the exercise of the peremptory [challenge]." McFarland, 707 So.2d at 171(¶ 14). The trial court must determine whether the proffered gender/race-neutral reasons were pretexts for intentional gender/race discrimination. Berry v. State, 802 So.2d 1033, 1038(¶ 14) (Miss.2001). Our supreme court has identified five indicia which may indicate pretext for Batson purposes in a party's exercise of a peremptory strike: (1) "disparate treatment, that is, the presence of unchallenged jurors of the opposite race [or gender] who share the characteristic given as the basis for the challenge"; (2) "the failure to voir dire as to the characteristic cited"; (3) "the characteristic cited is unrelated to the facts of the case"; (4) "lack of record support for the stated reason"; and (5) "group based traits." Id. (citing Manning, 765 So.2d at 519(¶ 9); Mack, 650 So.2d at 1298; Whitsey v. State, 796 S.W.2d 707, 707 (Tex.Crim.App.1989)).
¶ 9. In the case sub judice, the gender/race-neutral reason offered for Perry's peremptory strike of juror Phillips was that he was a military veteran and maintenance supervisor. Perry reasoned that military veterans and supervisors, in general, are more likely to be pro-prosecution according to JOE EDWARD MORRIS, SYSTEMATIC JURY SELECTION IN MISSISSIPPI: A PRACTICAL APPROACH (1997). Perry further stated that because Phillips was a supervisor, he was likely to project an image of authority and consequently be selected as the jury foreperson. The trial judge stated that it would be impermissible to strike a juror simply because he was a military veteran. The trial judge found the strike against juror Phillips to be pretextual, and thus reinstated him.
¶ 10. Perry's proffered reason for exercising a peremptory challenge against juror Davis was that he was a crime victim. The trial judge stated as to jurors Davis and Phillips, "I think there is just not sufficient evidence for the lawyers and this Court to say that they would be a biased juror." The trial judge thus reinstated Davis.
¶ 11. As to juror Keeton, Perry's proffered reasons for exercising the peremptory strike on him were that he was a military veteran and that Perry was "reluctant to accept anyone that [the prosecutor] likes as a juror. Obviously, that raises a red flag." The judge found the reasons insufficient, however, and reinstated Keeton.
¶ 12. We find no clear error in the trial judge's Batson determinations. The trial judge is given great deference in Batson matters, and his decisions in the case sub judice fit well within the Batson framework. Accordingly, we affirm the decision of the lower court.
¶ 13. THE JUDGMENT OF THE CIRCUIT COURT OF PANOLA COUNTY OF CONVICTION OF POSSESSION OF A CONTROLLED SUBSTANCE AND SENTENCE OF TWELVE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITH TEN YEARS TO SERVE AND TWO YEARS SUSPENDED PENDING GOOD BEHAVIOR, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO PANOLA COUNTY.
LEE AND MYERS, P.JJ., CHANDLER, GRIFFIS AND BARNES, *769 JJ., CONCUR. IRVING, J., DISSENTS WITH SEPARATE WRITTEN OPINION, JOINED BY KING, C.J., SOUTHWICK AND ROBERTS, JJ.
IRVING, J., Dissenting:
¶ 14. The majority finds no clear error with the trial judge's Batson's determinations and affirms the trial judge's refusal to allow the peremptory strikes of two jurors by Perry, as race-neutral strikes. Because I think the proferred reasons were race-neutral, I respectfully dissent.
¶ 15. After Perry's counsel had used peremptory strikes on five white males, the prosecutor objected that Perry's counsel was impermissibly striking white males in violation of Georgia v. McCollum and demanded that Perry's counsel be required to give race-neutral reasons for the strikes. Thereafter, the record reflects the following colloquy:
MR. WALKER [PERRY'S COUNSEL]: No. 7, Your Honor, is Jerry W. Davis. He is a crime victim. So far, Your Honor, I've been consistent, every crime victim I have exercised a peremptory challenge, that is, Mr. McGregor, Mr. Chapman, and Mr. Davis I used a strike against each of those.
. . . .
MR. WALKER: D-5, No. 36, James A Phillips, is a military veteran. Of course, Dr. Morris' book on jury selection indicates military veterans are pro-prosecution. He is a maintenance supervisor. Dr. Morris' book on jury selection also indicates supervisors, in general, are pro-prosecution. Supervisors, in my mind, project the image of authority and the defense runs the risk that he would be selected foreperson of the jury and, in general, military personnel are very conservative and very pro-state according to the literature. Those are the reasons for striking No. 36.
. . . .
THE COURT: All right, gentlemen. I have got to call the play the way I see it. I think Juror Davis should be re-established. There is nothing there other than a crime victim to indicate that to this base challenge and to take this person's right to serve on a jury away from him and the same with Mr. Phillips, Juror No. 36
You know, if going into the military is going to exclude you from jury service in the criminal justice systemthe people that write these books on how to pick juries, they don't have to comply with Constitutional standards as I do and the three that Mr. Walker gave with other reasons, I think are non-discriminatory, but I cannot say that as to Juror Davis, No. 7 and No. 36, Mr. Phillips. I don't think anybody can ever say that veterans are going to be unfair jurors or pro-prosecution jurors. They go and do what they got to do and come back home and try to put their life together. I just think it is discriminatory as to No. 36 and No. 7. The other three, I think, will
MR. WALKER: Judge, I guess I am going to lodge a general objection to that. I'm not sure I am required to, but as a matter of caution, I am going to generally object to that. I think we have rebutted the State, but any way, I respect your opinion.
THE COURT: There is, I think, Constitutionally challenged. The other two, I do not think so. I think there is just not sufficient evidence there or sufficient information for the lawyers and this Court to say that they would be a biased juror.

(emphasis added)
¶ 16. As can be discerned from the trial court's ruling, the trial judge did not find that the reasons offered by Perry's counsel were pretextural. Rather, the judge was *770 concerned that there was no proof or evidence to suggest that Juror Phillips would be biased simply because he was a military veteran, or that Juror Davis would be unfair because he was a crime victim. Whether the jurors could or would be fair and unbiased is not the proper area of inquiry for the trial court in making Batson determinations. The focus is not on the juror's bias, or lack thereof, but on the reason, intent, or purpose of the proponent in exercising the peremptory strike. If the reason for the strike is race-based, the strike is improper. Otherwise, the strike is permissible.
¶ 17. The majority at correctly states the law that "[u]nless discriminatory intent is inherent in the proffered race/gender-neutral explanation, the reason offered will be deemed a gender/race-neutral explanation." Majority opinion at (¶ 7), quoting Lynch v. State, 877 So.2d 1254, 1271(¶ 49) (Miss.2004). However, after reciting the applicable law, the majority fails to apply the law when it finds that the trial judge did not abuse his discretion in not accepting as race-neutral Perry's explanation for striking the Jurors Davis and Phillips. In my judgment, Perry's counsel offered a race-neutral reason for striking the two jurors. The State failed to rebut the race-neutral reason offered by Perry's counsel; therefore, the trial court should have accepted the explanation and allowed the strikes.
¶ 18. For the reasons discussed, I respectfully dissent. I would reverse and remand this case for a new trial, as Perry was denied his statutory right to challenge two jurors for purely non-racial reasons.
KING, C.J., SOUTHWICK AND ROBERTS, JJ., JOIN THIS OPINION.
NOTES
[1] Juror Davis was a white male; juror Druette was a white female; juror Sullivan was a white female; juror McCord was a white female; juror McDowell was a black female; juror Todd was a white female; juror Phillips was a white male; juror Keeton was a white male; juror Oliver was a black female; juror Crofford was a white female.