WESTBROOKS, J,,
DISSENTING:
¶29. I find that the trial court erred when it overruled Allen’s peremptory strikes of two potential jurors. Because I believe the proffered reasons were race- and gender-neutral, I respectfully dissent.
¶30. Allen’s counsel used peremptory strikes on six white males. The prosecutor objected and requested that Allen’s counsel be required to give race- and gender-neutral reasons for the strikes. The court found that Allen’s counsel provided race- and gender-neutral reasons for four of the peremptory strikes. For the remaining two jurors, the following exchange took place:
THE COURT: So it does appear that all' six of the challenges exercised by the Defense was against white males. There was one white male that was accepted. However, .... I do think that shows a pattern in that all of the six challenges were utilized against white males so that I will ask the Defense to give me a neutral reason for the strike as to Juror Number 3.
[[Image here]]
THE COURT: All right. What says the Defense to the race gender reason [sic] for exercising Dl?
MR. DIXON (ALLEN’S COUNSEL): Your Honor, I believe it was this particular one that was more or less the mannerism and just that individual just showed a general disinterest in what was going on, in my opinion.
[[Image here]]
THE COURT: Number 9, Mr. Thomas, what’s your race and gender neutral reason for striking Mr. Thomas?
MR. DIXON: Again, your Honor, I believe it was the body language[.]
¶ 31. The trial court found that Alen’s answers, were pretextual in nature. I disagree. “Our supreme court has set out a non-exhaustive list of valid race-neutral reasons for the exercise of peremptory challenges!.]” Perry v. State, 949 So.2d 764, 767-68 (¶ 7) (Miss. Ct. App. 2006). This list “includes living in a ‘high crime’ area, body language, demeanor, distrust of a juror by the party exercising the strike, inconsistency between oral responses and juror’s card, criminal history of juror or relative, social work and other types of employment, and religious beliefs.” Id; see also Walker v. State, 815 So.2d 1209, 1215 (¶ 12) (Miss. 2002) (citing Lockett v. State, 517 So.2d 1346, 1356-57 (Miss. 1987)).
¶ 32. Aso, a white-male juror had been accepted in the jury box before the prosecution made a challenge to Alen’s peremptory strikes. “When considering a Batson objection, the trial court should consider the racial composition of the entire venire panel, the jurors considered for service, and the jurors and alternates who actually served.” Camper v. State, 24 So.3d 1072, 1076 (¶ 17) (Miss. Ct. App. 2010). In Camper, a juror was excluded for looking “disinterested” and had her hands crossed dur- *177 mg the void dire procedure. Id. at (¶ 15). “The trial court made its factual finding concerning [the juror] by holding that bad body language was an acceptable race/gender neutral reason.” Id. This Court further found that “it was not error for the [trial] judge to accept the ... reason, because body language has been accepted by the Mississippi Supreme Court as a race-neutral reason for the exercise of a peremptory strike.” Id.
¶ 33. Allen’s counsel argued that the witnesses looked disinterested and exhibited body language and mannerisms that exhibited that their minds had already been made up regarding the case. Accordingly, I find these reasons to be race- and gender-neutral.
¶ 34. The majority asserts that specific body language needs to be specified in giving a race-and gender-neutral reason for striking a potential juror, and cites the appendix in Lockett, 517 So.2d at 1356-57, which provides a listing of various reasons that have been accepted as neutral by other state courts. Maj. Op. at (¶¶ 13-14). The majority holds that Allen erroneously relies on Lockett; however, “demeanor” and “lack of eye contact and attentiveness” are listed as neutral reasons. Lockett, 517 So.2d at 1356. Therefore, I would find that Allen’s reasons for using the peremptory strikes on Jurors 3 and 9 were race- and gender-neutral.
¶ 35. I respectfully dissent, and I would reverse and remand this case for a new trial.
IRVING, P.J., JOINS THIS OPINION.