## IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2016-KA-00401-COA

**DEMARCO WOLFE A/K/A DEMARICO WOLF**          **APPELLANT**
**A/K/A DEMARCO ANTWAN WOLFE A/K/A**
**DEMARCO ANTWON WOLFE**

**v.**

**STATE OF MISSISSIPPI**          **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 02/17/2016 |
| TRIAL JUDGE: | HON. JEFF WEILL SR. |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT, FIRST JUDICIAL DISTRICT |
| ATTORNEY FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER BY: W. DANIEL HINCHCLIFF |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: ALICIA MARIE AINSWORTH |
| DISTRICT ATTORNEY: | ROBERT SHULER SMITH |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 08/15/2017 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE GRIFFIS, P.J., CARLTON AND GREENLEE, JJ.**

**GREENLEE, J., FOR THE COURT:**

¶1.　Demarco Wolfe was convicted of aggravated assault, carjacking, and armed robbery. He was sentenced to serve concurrent terms of twenty, thirty, and thirty-five years. On direct appeal, Wolfe argues that the State impermissibly sought to exclude African American males from the jury in violation of *Batson v. Kentucky*, 476 U.S. 79 (1986). Finding no error, we affirm.

### FACTS AND PROCEEDINGS BELOW

¶2.　During jury selection for Wolfe's trial, the State used two of its peremptory strikes on

African American males. A third African American male was not struck and was selected to be an alternate juror. Those three individuals were the only African American males on the two panels of the venire. The two African American males struck had more than a thirty-year age difference between them. Several African American females served on the jury.[1] Wolfe's counsel raised a *Batson* challenge, asserting that the State was deliberately acting to prevent African American males from serving on the jury.

¶3.     The State asserted as its race-neutral reason for its peremptory strikes that those two individuals were inattentive and unengaged with the proceedings, even though they were sitting in front of the prosecutor. The State also noted that one of the individuals had indicated on his jury questionnaire that he had been a juror before on a criminal trial, yet failed to respond to the same question asked verbally to the venire. The defense rebutted that "the State believes that because they were African American males, . . . [the State] think[s] that probably . . . they will empathize with the defendant."

¶4.     The trial court held that Wolfe did not establish a prima facie case of discrimination and denied the *Batson* challenge.[2] The court noted that one of the three African American males was not struck and was seated as an alternate, and that "there are a number of jurors, a very large number of African American females, that were accepted by the State without

---

[1] The record does not indicate the exact gender or racial composition of the jury.

[2] While the court described its ruling as a finding that a prima facie case of discrimination had not been made, for all practical purposes a complete *Batson* analysis was performed by the court with the State providing its race-neutral reasons, the defense rebutting, and the court factually concluding that the prosecution was not engaged in discrimination.

challenge." The case proceeded to a jury trial, and Wolfe was convicted.

¶5.     On direct appeal, the only issue Wolfe raises is the trial court's denial of the *Batson* challenge.

## DISCUSSION

¶6.     "Criminal defendants have the right to be tried by a jury whose members are selected pursuant to non-discriminatory criteria." *Cox v. State*, 183 So. 3d 36, 52 (¶53) (Miss. 2015) (quoting *Batson*, 476 U.S. at 85-86). "*Batson* provides procedural directives for the trial court to follow in detecting and disallowing the practice of using peremptory challenges to remove members of an identified racial group [or gender] from jury service based upon nothing more than their racial [or gender] identification." *Tyler v. State*, 911 So. 2d 550, 553 (¶11) (Miss. Ct. App. 2005).

> First, the defendant must make a prima facie showing that the prosecutor has exercised peremptory challenges on the basis of race [or gender]. Second, if the requisite showing has been made, the burden shifts to the prosecutor to articulate a race-neutral explanation for striking the jurors in question. Finally, the trial court must determine whether the defendant has carried his burden of proving purposeful discrimination.

*Berry v. State*, 728 So. 2d 568, 572 (¶11) (Miss. 1999) (citing *Hernandez v. New York*, 500 U.S. 352, 358-59 (1991)).

¶7.     A prima facie case is established if the objecting party can demonstrate:

> (1) that he or she is a member of a cognizable racial or gender group; (2) that the opposing party has exercised peremptory challenges against members of a particular race [or gender]; and (3) that the facts and circumstances raise an inference that the party exercising the peremptory strikes does so for the purpose of striking a particular race [or gender].

*Perry v. State*, 949 So. 2d 764, 767 (¶6) (Miss. Ct. App. 2006).  "Any determination made

3

by a trial judge under *Batson* is accorded great deference because it is 'based, in a large part, on credibility.'" *Tyler,* 911 So. 2d at 553 (¶10) (quoting *Coleman v. State*, 697 So. 2d 777, 785 (Miss. 1997)). A criminal defendant "may make out a prima facie case of purposeful discrimination by showing that the totality of the relevant facts gives rise to an inference of discriminatory purpose." *Batson*, 476 U.S. at 93-94.

¶8.     The use of peremptory strikes on a majority of potential jurors of a particular race or gender does not, standing alone, establish a prima facie case of discrimination. *See Strickland v. State*, 980 So. 2d 908, 917 (¶¶12-13) (Miss. 2008). The defense must "produce sufficient evidence to permit the trial judge to infer purposeful discrimination." *Id*. at ( ¶13). Looking at the "totality of the relevant facts," including that "a large number" of African American females served on the jury and that an African American male served as an alternate, we defer to the trial court's determination that the circumstances did not imply discriminatory intent by the State.

¶9.     Even if a prima facie case was established, inconsistency between oral responses and a juror's questionnaire has been determined a valid neutral reason for exercising a peremptory challenge. *Perry*, 949 So. 2d at 767-68 (¶7). Inattentiveness and demeanor during voir dire have also been as held race/gender-neutral reasons for exercising a peremptory strike. *Burnett v. Fulton*, 854 So. 2d 1010, 1014 (¶10) (Miss. 2003). "Unless discriminatory intent is inherent in the proffered race/gender-neutral explanation, the reason offered will be deemed a gender/race-neutral explanation." *Perry*, 949 So. 2d at 767 (¶7). Conclusory rebuttals not based in fact or evidence are unpersuasive. *Thomas v. State*, 818 So. 2d 335,

345 (¶31) (Miss. 2002).

## CONCLUSION

¶10.    The trial court did not commit clear error in denying Wolfe's *Batson* challenge. No

other issues were raised on direct appeal. Wolfe's convictions and sentences are therefore

affirmed.

¶11.    **AFFIRMED.**

**LEE, C.J., GRIFFIS, P.J., BARNES, ISHEE, CARLTON, FAIR AND WILSON, JJ., CONCUR. IRVING, P.J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION. WESTBROOKS, J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.**