# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2020-KA-00358-COA

**CHRISTOPHER VASSER A/K/A CHRIS A/K/A C-LOVE**         **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**         **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 02/27/2020 |
| TRIAL JUDGE: | HON. JAMES T. KITCHENS JR. |
| COURT FROM WHICH APPEALED: | LOWNDES COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER BY: JUSTIN TAYLOR COOK |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: CANDICE LEIGH RUCKER |
| DISTRICT ATTORNEY: | SCOTT WINSTON COLOM |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 05/04/2021 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE BARNES, C.J., McDONALD, McCARTY AND EMFINGER, JJ.**

**McDONALD, J., FOR THE COURT:**

¶1. A Lowndes County Circuit Court jury found Christopher Vasser guilty of possession of methamphetamine pursuant to Mississippi Code Annotated section 41-29-139 (Rev. 2018). The circuit court sentenced Vasser as a habitual offender to serve six years in the custody of the Mississippi Department of Corrections (MDOC). Vasser moved for a judgment notwithstanding the verdict or, in the alternative, a new trial. The circuit court denied Vasser's motion. Vasser appealed, raising the issues of (1) whether the circuit court

erred in finding no discriminatory intent proven to support Vasser's *Batson*[1] challenge; and (2) whether the circuit court erred in limiting Vasser's questioning during voir dire. Finding no reversible error, we affirm.

**Statement of the Facts and Procedural History**

¶2. On August 27, 2017, Officer Toni Howard of the Columbus Police Department received a phone call from someone at a hotel reporting that four men were loitering near a commercial property across the street. Vasser, an African American male, was among the four men loitering. When Officer Howard arrived at the property, she observed that the men, including Vasser, were intoxicated and instructed them to go home. The men vacated the property but came back after a few minutes. Officer Howard arrested the men for failure to comply with an officer's order. Once arrested, another officer from the police department, Joshua Vandiver, patted the men down to check for weapons, which was protocol before transporting them to jail.

¶3. The police officers transported Vasser to the Lowndes County Adult Detention Center. Upon Vasser's arrival, jailer Rufus Harris searched Vasser for contraband. Jennifer Fincher, a correctional officer for the Lowndes County Sheriff's Department, supervised the search. During the search, a plastic bag filled with a white powdery substance fell from Vasser's pants pocket to the floor. Officer Fincher suspected that the plastic bag contained a controlled substance and gave the bag to Officer Howard.

¶4. Officer Howard contacted Agent Kevin Forrester of the Lowndes County Narcotics

---

[1] Peremptory strikes alleged to be racially discriminatory are analyzed under *Batson v. Kentucky*, 476 U.S. 79 (1986).

Task Force who delivered the substance to the Columbus Forensics Lab for analysis. Analyst Claudette Gilman tested the substance and determined that it was methamphetamine. When Agent Forrester interviewed Vasser about the contents of the plastic bag, Vasser denied knowing anything about it.

¶5. On April 26, 2018, a Lowndes County Circuit Court grand jury indicted Vasser for one count of possession of more than 0.1 grams but less than two grams of methamphetamine. Vasser's indictment was later amended on February 13, 2020, to charge him as a habitual offender pursuant to Mississippi Code Annotated section 99-19-81 (Rev. 2018),[2] based on the following two crimes: (1) on June 16, 1998, Vasser was convicted in the Monroe County Circuit Court of attempted burglary and larceny of a building and was sentenced to serve a term of one year in the MDOC's custody; and (2) on June 12, 2014, Vasser was convicted in the Monroe County Circuit Court of possession of marijuana and was sentenced to serve a term of one year in the MDOC's custody. Vasser was a second, subsequent offender as to the marijuana charge.

¶6. The trial took place from February 25, 2020, through February 26, 2020. During voir dire, the defense asked several questions regarding the jury's role in correcting the justice

_____

[2] "Every person convicted in this state of a felony who shall have been convicted twice previously of any felony or federal crime upon charges separately brought and arising out of separate incidents at different times and who shall have been sentenced to separate terms of one (1) year or more in any state and/or federal penal institution, whether in this state or elsewhere, shall be sentenced to the maximum term of imprisonment prescribed for such felony unless the court provides an explanation in its sentencing order setting forth the cause for deviating from the maximum sentence, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole or probation." Miss. Code Ann. § 99-19-81.

system's inequalities. After no prospective jurors responded to the defense counsel's questions, the State objected. Following the State's objection, the court stated, "[T]hey're here for jury duty. They're going to decide whether the State has proven its case beyond a reasonable doubt. That's what the jury is here for today."

¶7. Also, during voir dire, prospective juror number 8, who is African American, raised her hand when the question was asked whether she, a family member, or a close personal friend had been charged with a similar charge as Vasser. The prospective juror stated she knew someone who had been charged and that the crime occurred in 2000. After voir dire, three jurors were stricken for cause by the court without objection from the parties. Both the State and the defense exercised six peremptory strikes[3] without challenge with the exception of one. During peremptory challenges, the State requested to strike prospective juror number 8. Vasser's counsel raised a *Batson* challenge because Vasser and the prospective juror were both African American. The judge indicated that it was premature to make a *Batson* challenge and declared that the State needed to tender twelve jurors prior to the defense making a challenge. After the twelve jurors were tendered, the court asked the defense if a *Batson* challenge was being raised. The defense answered in the affirmative. The State argued that it had a race-neutral reason for striking the prospective juror, but the judge interrupted. The circuit court found that Vasser did not establish a prima facie showing of racial discrimination because the State had already accepted three African American jurors.

[3] Pursuant to Rule 18.3(c)(1)(A)(ii) of the Mississippi Rules of Criminal Procedure, "[i]n felony cases not involving the possible sentence of death or life imprisonment, the defendant and the prosecution each shall have six (6) peremptory challenges for the selection of the twelve (12) regular jurors."

4

Vasser's counsel stood by her objection regarding the *Batson* challenge, and the jury was impaneled.

¶8.     Once the jury was impaneled, the trial proceeded.  The State presented six witnesses, including Officers Toni Howard and Josh Vandiver of the Columbus Police Department, Agent Kevin Forrester of the Lowndes County Narcotics Task Force, jailer Rufus Harris of the Lowndes County Adult Detention Center, correctional officer Jennifer Fincher of the Lowndes County Sheriff's Department, and analyst Claudette Gilman of the Columbus Forensics Laboratory.  After the State rested, Vasser moved for a directed verdict on the ground that the evidence did not support Vasser's charge.  The court denied Vasser's motion. Vasser did not have any witnesses testify on his behalf nor did he testify.  Both sides rested.

¶9.     The jury found Vasser guilty of possession of methamphetamine on February 26, 2020.  The circuit court sentenced Vasser as a habitual offender to six years in the custody of the MDOC.

¶10.    On March 6, 2020, Vasser moved for a judgment notwithstanding the verdict or, alternatively, a new trial.  The circuit court denied the motion on March 16, 2020.

¶11.    Vasser appealed on March 30, 2020, raising the following issues: (1) whether the circuit court erred in finding no discriminatory intent proven to support Vasser's *Batson* challenge; and (2) whether the circuit court erred in limiting Vasser's voir dire of the potential jurors.  Finding no error by the circuit court, we affirm Vasser's conviction and sentence.

**Standard of Review**

5

¶12.   "Th[e] Court reviews a trial court's ruling on a *Batson* challenge with great deference and will not overturn the trial court's ruling unless it is clearly erroneous or against the overwhelming weight of the evidence." *Jones v. State*, 252 So. 3d 574, 580 (¶25) (Miss. 2018) (quoting *Pruitt v. State*, 986 So. 2d 940, 942 (¶8) (Miss. 2008)).   The Mississippi Supreme Court explained that when reviewing *Batson* rulings:

> a reversal will only occur if the factual findings of the trial judge appear to be clearly erroneous or against the overwhelming weight of the evidence.  On appellate review, the trial court's determinations under *Batson* are accorded great deference because they are based, in a large part, on credibility.  The term great deference has been defined in the *Batson* context as meaning an insulation from appellate reversal any trial findings which are not clearly erroneous.

*Id*. (quoting *Cox v. State*, 183 So. 3d 36, 52 (¶54) (Miss. 2015)).

¶13.   The standard of review in examining the conduct of voir dire is abuse of discretion. *Ambrose v. State*, 254 So. 3d 77, 119-20 (¶131) (Miss. 2018).  An "abuse of discretion will only be found where a defendant shows clear prejudice resulting from undue lack of constraint on the prosecution or undue constraint of the defense." *Id*. at 120 (¶131).  "[V]oir dire is presumed sufficient to ensure a fair and impartial jury." *Id*. at 119 (¶131) (quoting *Keller v. State*, 138 So. 3d 817, 843 (¶47) (Miss. 2014)).  "To overcome the presumption, a party must present evidence indicating that the jury was not fair and was partial and must show that prejudice resulted from the circuit court's handling of voir dire." *Id*. at 119-20 (¶131).  "This Court requires a showing of 'actual harm or prejudice' before we will reverse a trial court's limitation of voir dire." *Burgess v. State*, 178 So. 3d 1266, 1274 (¶23) (Miss. 2015) (quoting *Morris v. State*, 843 So. 2d 676, 678 (¶3) (Miss. 2003)).

**Discussion**

**I.  Whether the circuit court erred in finding no discriminatory intent proven to support Vasser's *Batson* challenge.**

¶14.  Vasser argues that the circuit court erred when the court failed to find a prima facie showing of racial discrimination in jury selection.  Specifically, Vasser argues that the court misapplied the law and did not properly analyze the State's peremptory strike.  We disagree.

¶15.  "The Equal Protection Clause prohibits using peremptory strikes to engage in racial discrimination."  *H.A.S. Elec. Contractors Inc. v. Hemphill Const. Co.*, 232 So. 3d 117, 122-23 (¶13) (Miss. 2016) (citing *Batson,* 476 U.S. at 89).  To prevent racial discrimination in jury selection, the United States Supreme Court established a three-prong analysis in *Batson*. *Id*. at 123 (¶14).  The Mississippi Supreme Court has summarized the *Batson* requirements:

> First, the party objecting to the peremptory strike of a potential juror must make a prima facie showing that race was the criterion for the strike.  Second, upon such a showing, the burden shifts to the State to articulate a race-neutral reason for excluding that particular juror. Finally, after a race-neutral explanation has been offered by the prosecution, the trial court must determine whether the objecting party has met its burden to prove that there has been purposeful discrimination in the exercise of the peremptory strike, i.e., that the reason given was a pretext for discrimination.

*Hartfield v. State*, 161 So. 3d 125, 137 (¶18) (Miss. 2015) (quoting *Pitchford v. State*, 45 So. 3d 216, 224 (¶14) (Miss. 2010)).  "When a *Batson* issue arises, the trial judge acts as the finder of fact."  *Lomax v. State*, 220 So. 3d 211, 214 (¶10) (Miss. Ct. App. 2017) (quoting *Walker v. State*, 815 So. 2d 1209, 1215 (¶12) (Miss. 2002)).

¶16.  In order to make a prima facie case of purposeful discrimination, a defendant may establish:  "(1) that he is a member of a cognizable racial group; (2) that the prosecutor has

7

exercised peremptory challenges to remove from the venire members of the defendant's race; (3) that these facts and any other relevant circumstances raise an inference that the prosecutor used that practice to exclude the veniremen from the petit jury on account of their race." *Cox v. State*, 183 So. 3d 36, 52-53 (¶55) (Miss. 2015).

¶17. This Court has stated that "a defendant satisfies the requirements of *Batson*'s first step by producing evidence sufficient to permit the trial judge to draw an inference that discrimination has occurred." *Lomax,* 220 So. 3d at 214 (¶14) (quoting *Smith v. State*, 90 So. 3d 122, 132 (¶37) (Miss. Ct. App. 2012)). Only when a prima facie case has been made does the burden shift to the prosecution to offer a race-neutral reason for the strike. *Corrothers v. State*, 148 So. 3d 278, 305 (¶62) (Miss. 2014). "If the defendant fails to make out a prima facie case showing a discriminatory purpose, the inquiry ends." *Lomax*, 220 So. 3d at 214 (¶14).

¶18. Here, as an African American, Vasser is a member of a cognizable racial group, which satisfies the first requirement of establishing discrimination in the exercise of a peremptory challenge. The prosecutor exercised a challenge to remove prospective juror number 8, who is the same race as Vasser, which satisfies the second requirement to establish discrimination. The defense anticipated the State's race-neutral reason and argued that the juror's knowing someone charged with a similar crime twenty years ago should not disqualify her. The court rejected the defense's argument. However, Vasser failed to establish that there was an inference that the prosecutor used his peremptory challenge for the purpose of striking African Americans. We have stated that the use of peremptory strikes on an individual or

8

a majority of potential jurors "of a particular race or gender does not, standing alone, establish a prima facie case of discrimination." *Wolfe v. State*, 237 So. 3d 848, 851 (¶8) (Miss. Ct. App. 2017).

¶19.   The circuit court found that Vasser had not established a prima facie showing of race discrimination because the State had accepted three African American jurors, including two males and one female.  Vasser argues that the State's acceptance of other African Americans is no defense to a *Batson* challenge as stated in *Chisolm v. State*, 529 So. 2d 635, 637 (Miss. 1988).  In *Chisolm*, the defense successfully made a prima facie case for discrimination, the first requirement in *Batson*, when nine of the State's ten peremptory challenges were used to exclude African Americans from the jury for an African American defendant.  *Id*. at 637-38.  But in *Lewis v. State*, 239 So. 3d 1097 (Miss. Ct. App. 2018), this Court found *Chisolm* distinguishable when the defendant failed to make a prima facie case for discrimination, which ended the *Batson* inquiry.  *Id*. at 1100 (¶10).  Additionally, the defense did not show that the judge's mention of an African American on the jury indicated that an improper legal standard was applied.  *Id*.  Therefore, because the circuit court found that the State had accepted other African Americans as jurors, there was no discriminatory intent.  *Id.  Lewis* is applicable to Vasser's case.

¶20.   Vasser only stated that there was discriminatory intent because he and the prospective juror were both African Americans.  The Mississippi Supreme Court has stated that "[o]nly one instance—not a consistent pattern—of purposeful discrimination is enough to prove a discriminatory purpose." *H.A.S. Elec. Contractors,* 232 So. 3d at 124 (¶20) (quoting *McGee*

9

*v. State*, 953 So. 2d 211, 215 (¶11) (Miss. 2007)). However, like *Lewis*, Vasser did not show an instance of purposeful discrimination and therefore failed to make a prima facie showing that the race was the criterion for the strike. The circuit court properly noted that there were three other African American jurors chosen by the State and therefore there was no racial discrimination proven. Giving deference to the circuit court, we find that the court did not abuse its discretion in finding that Vasser failed to meet his burden of showing a purposeful racial discrimination exercised by the State.[4] This issue is without merit.

## II. Whether the circuit court erred in limiting Vasser's voir dire of potential jurors.

¶21. Vasser argues that the circuit court violated his constitutional rights by failing to allow his counsel to question prospective jurors fully and adequately. Particularly, Vasser argues that the court did not allow him to probe prospective jurors for possible prejudice. We find this issue to be without merit.

¶22. "Voir dire is conducted under the supervision of the court, and a great deal must, of necessity, be left to its sound discretion." *Keller v. State*, 138 So. 3d 817, 843 (¶47) (Miss. 2014) (quoting *Foster v. State*, 639 So. 2d 1263, 1274 (Miss. 1994)). The Mississippi Supreme Court has held that a showing of "actual harm or prejudice" is required before a reversal of a trial court's limitation of voir dire. *Burgess*, 178 So. 3d at 1274 (¶23) (quoting *Morris v. State*, 843 So. 2d 676, 678 (¶3) (Miss. 2003)). We use abuse of discretion as the standard of review in examining the conduct of voir dire. *Hall v. State*, 295 So. 3d 544, 559

---

[4] It should be noted that the record does not show the race of the other five peremptory challenges.

(¶45) (Miss. Ct. App. 2019). "Abuse of discretion will only be found where a defendant shows clear prejudice resulting from undue lack of constraint on the prosecution or undue constraint of the defense." *Id*. (quoting *Taylor v. State*, 90 So. 3d 97, 109 (¶50) (Miss. Ct. App. 2011)).

¶23. The Mississippi Supreme Court has stated that the "law allows an attorney for either side to probe the prejudices of the prospective jurors to the end that all will understand the jurors' thoughts on matters directly related to the issues to be tried." *Goff v. State*, 14 So. 3d 625, 652 (¶106) (Miss. 2009) (quoting *West v. State*, 553 So. 2d 8, 22 (Miss. 1989)).

¶24. During voir dire, Vasser's counsel asked the following questions to the prospective jurors:

> DEFENSE: And has anyone ever heard the statement "if the system fails, we all fail?" And that may be applied to military, education. It may be applied to even to football, criminal justice system. I'm being serious. Has any body heard that?
>
> (NO RESPONSE)
>
> DEFENSE: Do you believe if one part of our justice system isn't working properly, that you as the juror are here to listen to that evidence and make that right?
>
> (NO RESPONSE)
>
> DEFENSE: Does anybody have a problem serving in that role as checks and balances for our community?
>
> (NO RESPONSE)

The State objected but never gave a reason for the objection because the judge interrupted and stated, "[T]hey're here for jury duty. They're going to decide whether the State has

11

proven its case beyond a reasonable doubt. That's what the jury is here for today."

¶25. Vasser now argues that the circuit court improperly limited his voir dire. Vasser's counsel failed to demand a reason for the State's objection and failed to get a ruling on the objection once the judge interjected.[5] However, Vasser presents no evidence that the alleged limitations during voir dire caused him any actual harm or prejudice. This Court has stated that a trial court's actions during voir dire are within its discretion when the actions are "designed to satisfy the dual goals of maintaining control of and clarity amongst the venire while at the same time ensuring the seating of a fair and impartial jury." *Burgess*, 178 So. 3d at 1276 (¶27). Vasser's counsel questioned the jurors about serving as "checks and balances" and correcting the justice system. But it is not the jurors' responsibility to correct the justice system or "send a message" to the public or other potential criminals but instead to "render[] a verdict based solely on the evidence introduced at the trial of that case." *McCarty v. State*, 262 So. 3d 553, 559 (¶19) (Miss. Ct. App. 2018) (quoting *Terrell v. State*, 237 So. 3d 717, 734 (¶67) (Miss. 2018)). Furthermore, the jurors were questioned several times throughout voir dire by the court, the State, and the defense about whether they could fairly base a verdict on the evidence before them at trial. Because Vasser failed to prove that any limitation on questioning during voir dire resulted in actual harm or prejudice, this issue is without merit.

## Conclusion

---

[5] It is a party's duty to obtain a ruling on an objection, therefore, generally, "[a] party's failure to obtain a ruling on an objection prevents our consideration of the alleged error." *Johnson v. State*, 191 So. 3d 732, 737 (¶18) (Miss. Ct. App. 2015) (quoting *Hayes v. State*, 801 So. 2d 806, 810 (¶9) (Miss. Ct. App. 2001)).

12

¶26. Finding that the circuit court did not err in holding that Vasser did not meet his burden for a *Batson* challenge and that the court did not abuse its discretion during voir dire, we affirm the court's ruling.

¶27. **AFFIRMED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., GREENLEE, WESTBROOKS, LAWRENCE, McCARTY, SMITH AND EMFINGER, JJ., CONCUR.**